No. ――

First Circuit

BASQUIN RIDER v. EUGENE ARDOIN

(December 8, 1925, Opinion and Decree)
(January 28, 1926, Rehearing Refused)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Libel and Slander— Par. 50.**

In an action arising out of slanderous assertions it is not necessary for the plaintiff to allege the exact and precise language in which the slander was uttered in order to state a cause of action.

Appeal from the Parish of Evangeline. Hon. A. H. Garland, Judge ad hoc.

This is a suit for damages for slander.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

A. V. Pavy, of Opelousas, attorney for plaintiff, appellee.

S. W. Gardiner and J. H. Dore, of Ville Platte, attorneys for defendant, appellant.

LECHE, J. Defendant appeals from a judgment condemning him to pay to plaintiff two hundred dollars damages for slander. Plaintiff in his answer to the appeal, asks that the judgment be increased to the sum of one thousand dollars and as thus amended that it be affirmed.

Two workmen were building or graveling a road that seperates the properties of plaintiff and defendant, and in company of plaintiff were standing in front of the latter's premises when defendant came upon them. Defendant was evidently dissatisfied with the location of the road and this accounts for the words he uttered to plaintiff. He was accompanied by other persons and he complained that more of his land than that of plaintiff had been

taken for the purpose of building the road. A general discussion then ensued and, without cause or provocation, defendant finally roused himself into great excitement and indulged in the insulting remarks which he addressed to plaintiff in the presence of the bystanders. He told plaintiff that he was a hog and charged him with stealing lard belonging to one Johnson. Plaintiff as a witness says that the words used by defendant were: "I am more honest than you; you stole the lard of my best man; you are a thief". Another witness says that defendant used the following language in addressing plaintiff: "I am far from being as crooked as you; I never stole lard from anyone as you did; you stole all the lard that I could advance to one of my best men, Olin Johnson." Several persons were present when these words were spoken, and a similar charge was uttered by defendant to other persons on other occasions.

Defendant does not deny having made the utterances which were testified to by plaintiff and several other witnesses, but he contends in defense of plaintiff's claim for damages that both he and plaintiff indulged in opprobrious epithets to one another in a moment of excitement; that plaintiff is not entitled to any damage and, on trial of the case, he attempted to prove the truth of his remarks in justification.

The testimony is clear to the effect that there was no mutual exchange of abusive language and insults, that plaintiff was cool and, on the contrary, attempted to calm defendant and to convince him that no wrong had been done to him; that the persons present, and especially he and the laborers, had had nothing to do with locating the road. Defendant's attempt to prove that plaintiff had stolen lard from Olin Johnson was equally abortive.

It is also contended by defendant that the proof is at variance with the language in which the slander is charged in the petition, is substantially the same as testified to by the witnesses. We know of no law which compels a plaintiff in charging a defendant with slander to allege the exact and precise language in which the slander was uttered, though it may be different with regard to libel.

The whole matter at most is trivial. It is not shown that plaintiff, who enjoys a good reputation in his community, has suffered any great injury beyond some humiliation. The amount allowed to him by the trial judge is ample and sufficient redress.

The judgment appealed from is therefore affirmed.